1  **RUSHOVICH MEHTANI LLP**
   ELIOT RUSHOVICH (SBN 252343)
2  AANAND GHODS-MEHTANI (SBN 254556)
   LISA M. WATANABE-PEAGLER (SBN 258182)
3  5900 Wilshire Blvd., Suite 2600
   Los Angeles, CA  90036-5013
4  Telephone: (323) 330-0543
   Facsimile: (323) 395-5507
5  erushovich@rmlawpartners.com
   amehtani@rmlawpartners.com
6  lwatanabe@rmlawpartners.com

7  Attorneys for Plaintiff
   KEITH FITZGERALD
8
   **LAVELY & SINGER**
9  **PROFESSIONAL CORPORATION**
   MARTIN D. SINGER (SBN 78166)
10 MICHAEL D. HOLTZ (SBN 149616)
   ALLISON S. HART (SBN 190409)
11 2049 Century Park East, Suite 2400
   Los Angeles, CA  90067-2906
12 Telephone: (310) 556-3501
   Facsimile: (310) 556-3615
13 mdsinger@lavelysinger.com
   mholtz@lavelysinger.com
14 ahart@lavelysinger.com

15 Attorneys for Defendants
   CHARLIE SHEEN and 9TH STEP PRODUCTIONS,
16 INC.

17
                    UNITED STATES DISTRICT COURT
18
         CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION
19

20 | KEITH FITZGERALD, an individual, | Case No.: 2:15-cv-02779-DMG-MRW |
21 | | [Assigned to the Hon. Dolly M. Gee, Courtroom 7] |
   |       Plaintiff, | |
22 | | |
   |       v. | **JOINT RULE 26(f) REPORT** |
23 | | |
   | CHARLES "CHARLIE" SHEEN, | **Scheduling Conference** |
24 | an individual, 9TH STEP | **Date:  August 14, 2015** |
   | PRODUCTIONS, INC., a California | **Time: 11:00 a.m.** |
25 | corporation, and DOES 1 through 10, | **Ctrm.: 7** |
26 | | |
   |       Defendants. | Complaint Filed: April 15, 2015 |
27 | | Trial Date: None Set |

28

Plaintiff Keith Fitzgerald ("Plaintiff") and Defendants Charlie Sheen and 9th Step Productions, Inc. ("9th Step") (collectively, "Defendants") hereby jointly submit this Report pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's Order Re: Scheduling Meeting of Counsel.

## A.  SYNOPSIS OF PRINCIPAL ISSUES

### 1.  Plaintiff's Position

This case arises out of Defendants' material breach of an employment and/or services agreement they entered into with Plaintiff. In or around July of 2013, Plaintiff and Defendants agreed to the following terms with respect to Plaintiff's employment and/or services provided to Defendants by Plaintiff: an employment term of three years; an annual salary of $300,000 per year as well as medical benefits and a twenty-percent incentive bonus. The parties not only entered into this agreement verbally, the agreement was evidenced by various emails and other documents. Approximately five months later, Defendants prematurely terminated their employment relationship with Plaintiff without any explanation. Plaintiff has received no compensation at any time for any of the services he performed for Defendants.

As a result of Defendants' conduct, Plaintiff brings the following causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) promissory estoppel; (4) quantum meruit; (5) failure to page wages in violation of the Labor Code; (6) failure to pay minimum wages in violation of the Labor Code; (7) failure to pay overtime wages in violation of the Labor Code; and (8) waiting time penalties pursuant to Labor Code section 203.

### 2.  Defendants' Position

Defendants deny that any valid or enforceable employment and/or services agreement with Plaintiff has ever existed and deny that Plaintiff rendered any services to Defendants for which he is owed any compensation. Although Fitzgerald wanted to be employed by Defendants, Defendants never agreed to employ Fitzgerald and

Fitzgerald was informed before he ever rendered any services or drew a single paycheck that he would not be working for Defendants. The so-called "emails and other documents" Plaintiff contends support the existence of the alleged employment agreement do not exist. Instead, Plaintiff's claims rest entirely on a single, vague and ambiguous email, which, contrary to Plaintiff's claim that he was allegedly promised an annual salary of $300,000 per year for a guaranteed term of three years, does not refer to any annual salary or guaranteed term of employment. Furthermore, any alleged oral agreement to employ Plaintiff for a guaranteed three year term would be barred by the Statute of Frauds, among numerous other defenses.

Defendants contend that Plaintiff has not incurred any damages as a result of any conduct by Defendants. Indeed, any alleged claim for damages by Plaintiff is more than offset by monies owed by Plaintiff to Defendants in connection with funds invested by Defendants for Plaintiff to develop a brand of merchandise and other products, for which Plaintiff has failed to account to Defendants and which Defendants are informed and believe were converted by Plaintiff for his own personal use. Defendants request that Plaintiff be awarded nothing for his alleged claims and Defendants are seeking an award of attorney's fees pursuant to California Labor Code § 218.5, plus costs.

**B.    COMPLEX LITIGATION**

The parties agree that this case should not be designated as complex, and there is no need for the Manual for Complex Litigation should be utilized in this case.

**C.    AMENDED PLEADINGS**

At this time, the parties do not anticipate a need to file any amended pleadings.

**D.    DISPOSITIVE MOTIONS**

Defendants believe that all claims in this action may be appropriate subjects for a Motion for Summary Judgment, or in the Alternative, for Partial Summary Adjudication of Issues.

The parties also anticipate filing motions *in limine* should this matter proceed to

- 2 -
JOINT RULE 26(f) REPORT

RUSHOVICH MEHTANI LLP

trial, but it is unknown at this time what particular issues will be subject to such motions *in limine*.

## E. DISCOVERY

The parties have agreed to exchange initial disclosures by August 28, 2015.

The parties intend on serving sets of Interrogatories and Requests for Production to each other, deposition subpoenas on third parties and anticipate that certain key depositions, including Plaintiff's deposition, will occur in early to mid-November 2015. The parties will continue with additional discovery thereafter as required, including depositions of percipient witnesses, expert discovery and additional written discovery.

Plaintiff will conduct discovery regarding (1) the terms of the agreement between Plaintiff and Defendants and the circumstances in which the agreement was entered into by the parties; (2) the work and/or services provided by Plaintiff to Defendants; (3) Defendants' decision to end their employment relationship with Plaintiff; and (4) Plaintiff's damages, among other things. Plaintiff anticipates taking two (2) to three (3) depositions, including the deposition of 9th Step's person(s) most knowledgeable.

Defendants will conduct discovery regarding Plaintiff's alleged claims and Defendants' allegations and defenses in response to those claims. Defendants anticipate taking Plaintiff's deposition, and reserve the right to take additional third party depositions, including without limitation the depositions of any witnesses who may be identified by Plaintiff in his Initial Disclosures or whose identity Defendants may hereafter discover.

The parties do not request any other changes to their discovery rights and obligations, including with respect to the disclosure of expert testimony. The parties do not foresee any issues related to discovery of electronically-stored information.

## F. PROPOSED SCHEDULE

Please refer to Exhibit A, the Schedule of Pretrial and Trial Dates Worksheet.

///

### G. SETTLEMENT AND SETTLEMENT MECHANISM

Pursuant to L.R. 26-1(c) and L.R. 16-15.4(2), the parties are amenable to appear before a neutral selected from the Court's Mediation Panel in early 2016. Plaintiff has requested that Defendants participate in a private mediation sometime before then. Defendants have informed Plaintiff that they are unwilling to pay for the cost of a private mediator, but would consider participating in a private mediation if Plaintiff is willing to bear that cost. The parties will continue to meet and confer about private mediation.

### H. TRIAL ESTIMATE AND PROPOSED DATES

The parties estimate a jury trial of two (2) to three (3) days. Please refer to Exhibit A for proposed Trial and Pre-Trial Conference dates.

### I. INSURANCE

Plaintiff does not have any insurance coverage.

Defendants do not have any insurance that would cover the claims asserted by Plaintiff in this action.

### J. OTHER PARTIES

At this time, the parties do not anticipate a need to add any other parties to this action.

### K. OTHER ISSUES

The parties anticipate that private, confidential, or proprietary information will be disclosed in discovery and thus give rise to claims of privilege or various privacy protections. Therefore, the parties will meet and confer as necessary regarding the submission of a routine stipulated protective order to the Court regarding confidential information for approval.

The parties do not anticipate any other issues affecting the status or management of this case.

///

**L.     SEVERANCE, BIFURCATION**

At this time, the parties do not have any proposals regarding severance, bifurcation or other ordering proof.

Dated: July 29, 2015                    RUSHOVICH MEHTANI LLP

By: /s/ Lisa M. Watanabe-Peagler
    ELIOT J. RUSHOVICH
    AANAND GHODS-MEHTANI
    LISA M. WATANABE-PEAGLER

Attorneys for Plaintiff
KEITH FITZGERALD

Dated: July 29, 2015                    LAVELY & SINGER
                                        PROFESSIONAL CORPORATION

By: /s/ Allison S. Hart
    MARTIN D. SINGER
    MICHAEL D. HOLTZ
    ALLISON S. HART

Attorneys for Defendants
CHARLIE SHEEN and 9th STEP
PRODUCTIONS, INC.

# EXHIBIT A

## SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET

Case No. 2:15-cv-02779-DMG-MRW / *Keith Fitzgerald v. Charlie Sheen, et al.*

| MATTER | JOINT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL**   Court   (Jury)<br><br>Duration Estimate: 2-3 days | 6/7/16<br><br>(Tuesday) | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**<br><br>4 wks before trial | 5/10/16<br><br>(Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conference | 11/13/15 |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | 2/2/16 |
| Motion Cut-Off (filing deadline) | at least 13 wks before FPTC | 2/9/16 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | 3/8/16 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | 4/5/16 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | 4/19/16 |

- 6 -

JOINT RULE 26(f) REPORT

RUSHOVICH MEHTANI LLP

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE |
|---|---|---|
| Settlement Conference Completion Date | at least 4 wks before FPTC | 4/12/16 |
| Motions in *Limine* Filing Deadline | at least 3 wks before FPTC | 4/19/16 |
| Opposition to Motions in *Limine* Filing Deadline | at least 2 wks before FPTC | 4/26/16 |
| Other Dates: (e.g. class cert motion cut-off, early mediation, etc.) | at least 90 days after complaint served (unless longer time justified) | N/A |

- 7 -

JOINT RULE 26(f) REPORT

**RUSHOVICH MEHTANI LLP**