**RUSHOVICH MEHTANI LLP**
ELIOT RUSHOVICH (SBN 252343)
AANAND GHODS-MEHTANI (SBN 254556)
JANA M. MOSER (SBN 281073)
5900 Wilshire Blvd., Suite 2600
Los Angeles, CA  90036-5013
Telephone: (323) 330-0543
Facsimile: (323) 395-5507
erushovich@rmlawpartners.com
amehtani@rmlawpartners.com
lwatanabe@rmlawpartners.com

Attorneys for Plaintiff
KEITH FITZGERALD

**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
MARTIN D. SINGER (SBN 78166)
MICHAEL D. HOLTZ (SBN 149616)
ALLISON S. HART (SBN 190409)
2049 Century Park East, Suite 2400
Los Angeles, CA  90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
mdsinger@lavelysinger.com
mholtz@lavelysinger.com
ahart@lavelysinger.com

Attorneys for Defendants
CHARLIE SHEEN and 9TH STEP PRODUCTIONS,
INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| KEITH FITZGERALD, an individual, | Case No.: 2:15-cv-02779-DMG-MRW |
| Plaintiff, | [Assigned to the Hon. Dolly M. Gee, Courtroom 7] |
| v. | |
| CHARLES "CHARLIE" SHEEN, an individual, 9TH STEP PRODUCTIONS, INC., a California corporation, and DOES 1 through 10, | [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |
| Defendants. | Complaint Filed: April 15, 2015 |
| | Trial Date: None Set |

1514-93\ple                STIPULATED PROTECTIVE ORDER

I.  INTRODUCTION

    1.1   PURPOSES AND LIMITATIONS

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 as well as this Court's Civil Minutes titled "Pilot Project re Sealed Documents" and paragraph 18 of the Honorable Dolly M. Gee's Procedures and Schedules set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from this Court to file material under seal.

    1.2   GOOD CAUSE STATEMENT

    The parties stipulate through counsel that entry of this Protective Order is necessary and appropriate to comply with the Parties' Confidentiality Agreement, facilitate discovery and avoid unneeded discovery motions. The parties further stipulate through counsel that the public disclosure of any deposition testimony taken in this proceeding should be prohibited. The grounds for this Stipulated Protective Order are that discovery in this action involves disclosure of (i) medical and/or other private/personal information of Plaintiff or Sheen and/or other relevant parties; and (ii) trade secret, proprietary, confidential or sensitive business information of 9th Step and Sheen.

    This Protective Order is needed to ensure compliance with the Parties' Confidentiality Agreement as well as to ensure fair and efficient completion of discovery

1

1  while protecting the Parties' rights in such private and confidential personal, medical and

2  business information and minimizing judicial intervention in the discovery process.  The

3  Parties, through their counsel, agree to the Protective Order.  Until such time as the Court

4  approves the Protective Order, the parties agree to abide by the terms of the Protective

5  Order as if they were in full force and effect.

6

7  2.      DEFINITIONS

8      2.1    Action: this pending federal law suit.

9      2.2    Challenging Party: a Party or Non-Party that challenges the designation of

10  information or items under this Order.

11      2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it

12  is generated, stored or maintained) or tangible things that qualify for protection under

13  Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause

14  Statement.

15      2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their

16  support staff).

17      2.5    Designating Party: a Party or Non-Party that designates information or

18  items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

19      2.6    Disclosure or Discovery Material: all items or information, regardless of the

20  medium or manner in which it is generated, stored, or maintained (including, among

21  other things, testimony, transcripts, and tangible things), that are produced or generated

22  in disclosures or responses to discovery in this matter.

23      2.7    Expert: a person with specialized knowledge or experience in a matter

24  pertinent to the litigation who has been retained by a Party or its counsel to serve as an

25  expert witness or as a consultant in this Action.

26      2.8    House Counsel: attorneys who are employees of a party to this Action.

27  House Counsel does not include Outside Counsel of Record or any other outside

28  counsel.

2

1514-93\ple                          STIPULATED PROTECTIVE ORDER

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

3

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

4

1  ordered, Disclosure or Discovery Material that qualifies for protection under this Order

2  must be clearly so designated before the material is disclosed or produced.

3         Designation in conformity with this Order requires:

4         (a)    for information in documentary form (e.g., paper or electronic documents,

5  but excluding transcripts of depositions or other pretrial or trial proceedings), that the

6  Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

7  "CONFIDENTIAL legend"), to each page that contains protected material. If only a

8  portion or portions of the material on a page qualifies for protection, the Producing Party

9  also must clearly identify the protected portion(s) (e.g., by making appropriate markings

10  in the margins).

11        A Party or Non-Party that makes original documents available for inspection need

12  not designate them for protection until after the inspecting Party has indicated which

13  documents it would like copied and produced. During the inspection and before the

14  designation, all of the material made available for inspection shall be deemed

15  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

16  copied and produced, the Producing Party must determine which documents, or portions

17  thereof, qualify for protection under this Order. Then, before producing the specified

18  documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page

19  that contains Protected Material. If only a portion or portions of the material on a page

20  qualifies for protection, the Producing Party also must clearly identify the protected

21  portion(s) (e.g., by making appropriate markings in the margins).

22        (b)    for testimony given in depositions that the Designating Party identify the

23  Disclosure or Discovery Material on the record, before the close of the deposition all

24  protected testimony.

25        (c)    for information produced in some form other than documentary and for any

26  other tangible items, that the Producing Party affix in a prominent place on the exterior

27  of the container or containers in which the information is stored the legend

28

"CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions

1    described in this Order. When the Action has been terminated, a Receiving Party must

2    comply with the provisions of section 13 below.

3         Protected Material must be stored and maintained by a Receiving Party at a

4    location and in a secure manner that ensures that access is limited to the persons

5    authorized under this Order.

6         7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

7    ordered by the court or permitted in writing by the Designating Party, a Receiving Party

8    may disclose any information or item designated "CONFIDENTIAL" only to:

9         (a)    the Receiving Party's Outside Counsel of Record in this Action, as well as

10   employees of said Outside Counsel of Record to whom it is reasonably necessary to

11   disclose the information for this Action;

12        (b)    the officers, directors, and employees (including House Counsel) of the

13   Receiving Party to whom disclosure is reasonably necessary for this Action;

14        (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure

15   is reasonably necessary for this Action and who have signed the "Acknowledgment and

16   Agreement to Be Bound" (Exhibit A);

17        (d)    the Court and its personnel;

18        (e)    court reporters and their staff;

19        (f)    professional jury or trial consultants, mock jurors, and Professional Vendors

20   to whom disclosure is reasonably necessary for this Action and who have signed the

21   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22        (g)    the author or recipient of a document containing the information or a

23   custodian or other person who otherwise possessed or knew the information;

24        (h)    during their depositions, witnesses, and attorneys for witnesses, in the

25   Action to whom disclosure is reasonably necessary provided: (1) the deposing party

26   requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not

27   be permitted to keep any confidential information unless they sign the

28   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed

                                         7

by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

8

9.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED**
**IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

1514-93\ple                    STIPULATED PROTECTIVE ORDER

10.   USE OF PROTECTED MATERIAL IN COURT

(a)    A party that files Protected Material with the Court, and who seeks to have the record containing such information sealed, shall submit to the Court a motion or an application to seal, pursuant to Local Rule 79-5.

(b)    A Receiving Party that files Protected Material with the Court, and who does not seek to have the record containing such information sealed, shall, at least ten (10) business days prior to the filing of or use of the Confidential Information, give notice to all other parties, and to any non-party that designated the materials as Confidential Information pursuant to this Order, of the submitting party's intention to file or use the Confidential Information, including specific identification of the Confidential Information.  Any affected party or non-party may then file a motion to seal, pursuant to Local Rule 79-5.

11.   DISCLOSURE OF DEPOSITION TESTIMONY

Regardless of whether deposition testimony is designated as "Confidential," the deposition transcripts, video and audio recordings (if any), created in connection with any deposition taken in this action, shall not be disclosed, disseminated or otherwise released directly or indirectly to the media, including, without limitation, to any of the following: news outlets, journalists, media organizations, newspapers, periodicals, magazines, publishers, publications, televisions stations, radio stations, tabloids, Internet service providers, databases, blogs, Internet social networks, podcasts, internet publications, and/or any other person or enterprise involved in the print, wire, Internet or electronic media.

/ / /

10

Notwithstanding anything to the contrary set forth herein, this Order expressly prohibits the public disclosure of any and all deposition testimony, in any format (e.g., written transcript, videotape, audio tape, digital recording, etc.) unless and until such testimony has been introduced into evidence at trial.  See *Seattle Times Co. v. Rhinehart* (1984) 46 U.S. 20, 33, 104 S.Ct. 2199, 2207-2208 ("(P)retrial depositions and interrogatories are not public components of a civil trial.... Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.").

12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHER WISE
      PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the

1  obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure
2  26(b)(5)(B). This provision is not intended to modify whatever procedure may be
3  established in an e-discovery order that provides for production without prior privilege
4  review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach
5  an agreement on the effect of disclosure of a communication or information covered by
6  the attorney-client privilege or work product protection, the parties may incorporate their
7  agreement in the stipulated protective order submitted to the court.

8
9  14.   MISCELLANEOUS

10       14.1   Right to Further Relief. Nothing in this Order abridges the right of any
11  person to seek its modification by the Court in the future.

12       14.2   Right to Assert Other Objections. By stipulating to the entry of this
13  Protective Order no Party waives any right it otherwise would have to object to
14  disclosing or producing any information or item on any ground not addressed in this
15  Stipulated Protective Order. Similarly, no Party waives any right to object on any ground
16  to use in evidence of any of the material covered by this Protective Order.

17       14.3   Filing Protected Material. A Party that seeks to file under seal any Protected
18  Material must comply with Civil Local Rule 79-5. Protected Material may only be filed
19  under seal pursuant to a court order authorizing the sealing of the specific Protected
20  Material at issue. If a Party's request to file Protected Material under seal is denied by the
21  court, then the Receiving Party may file the information in the public record unless
22  otherwise instructed by the court.

23
24  15.   FINAL DISPOSITION

25       After the final disposition of this Action, as defined in paragraph 4, within 60 days
26  of a written request by the Designating Party, each Receiving Party must return all
27  Protected Material to the Producing Party or destroy such material. As used in this
28  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

12

1    summaries, and any other format reproducing or capturing any of the Protected Material.

2    Whether the Protected Material is returned or destroyed, the Receiving Party must

3    submit a written certification to the Producing Party (and, if not the same person or

4    entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category,

5    where appropriate) all the Protected Material that was returned or destroyed and (2)

6    affirms that the Receiving Party has not retained any copies, abstracts, compilations,

7    summaries or any other format reproducing or capturing any of the Protected Material.

8    Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

9    pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

10   correspondence, deposition and trial exhibits, expert reports, attorney work product, and

11   consultant and expert work product, even if such materials contain Protected Material.

12   Any such archival copies that contain or constitute Protected Material remain subject to

13   this Protective Order as set forth in Section 4.

14   16.    Any willful violation of this Order may be punished by civil or criminal contempt

15   proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or

16   other appropriate action at the discretion of the Court.

17

18   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

19

20   Dated:  October 2, 2015                    ELIOT RUSHOVICH
21                                              AANAND MEHTANI
22                                              JANA M. MOSER
                                                RUSHOVICH MEHTANI LLP
23
                                                By: _____
24                                                   JANA M. MOSER
25                                              Attorneys for Plaintiff
                                                KEITH FITZGERALD
26

27

28

Dated:  October 2, 2015

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
MICHAEL D. HOLTZ
ALLISON S. HART

By:_____

ALLISON S. HART
Attorneys for Defendants
CHARLIE SHEEN and 9th STEP
PRODUCTIONS, INC.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  10/5/2015          _____

HON. MICHAEL R. WILNER
United States Magistrate Judge

14

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____ [full name], of _____

[full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of Keith Fitzgerald vs. Charles "Charlie" Sheen and 9th Step Productions, Inc., Case No. 2:15-cv-02779-DMG-MRW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____[full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

    Printed name: _____

    Signature: _____

15